**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

| | |
|---|---|
| **AMBER RUCKER**, an individual, | **CIVIL ACTION** |
| Plaintiff, | |
| v. | **Case No.   2:21-cv-207** |
| **GREAT DANE PETROLEUM CONTRACTORS, INC.**, a Florida corporation, | **Judge: Sheri Polster Chappell** |
| | **Mag. Judge:Mac R. McCoy** |
| Defendant. | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW

This is an employment case. The Plaintiff, Amber Rucker, alleges that the Defendant, her former employer, retaliated against her after she objected to a variety of financial wrongs committed by the Defendant. In response, the Defendant disclaims that it has any connections to the Middle District sufficient to confer jurisdiction under 28 U.S.C. §1391 and that even if it did, the Court should transfer this matter to the Southern District under 28 U.S.C. §1404. Both arguments are unavailing and the Defendant has not been completely forthcoming in making its arguments.

The Defendant neglects to inform the Court that it maintains its finance office in Collier County (which is the office that employed Ms. Rucker), has its chief financial officer in that Collier County office, has its registered agent in Collier County, has its bank accounts in Collier County and makes payments from those Collier County bank accounts. It also

does considerable business in Collier County, as evidenced by building permits it holds. Under §1391(b)(1) and (d), jurisdiction is established in this District because the requirements for long-arm jurisdiction under F.S. §48.193(1)(a)(1) are met as to the District. And furthermore, a substantial part of the events giving rise to this action occurred in Collier County, and a substantial part of property that is the subject of the action is situated there too, thus satisfying §1391(b)(2). As for the Defendant's request this matter be transferred under §1404, that argument is also not well-taken, for many of the same reasons.

## MEMORANDUM OF LAW

### 1. Legal Standard.

Whether venue is proper is generally governed by 28 U.S.C. § 1391. It provides that "[e]xcept as otherwise provided by law . . . this section shall govern the venue of all civil actions brought in district courts of the United States." §1391(a)(1). It also states that:

[a] civil action may be brought in—

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

§ 1391(b). When venue is challenged, the court must decide whether the case falls within one of those three categories.

2

"When a defendant challenges venue as improper, the plaintiff bears the burden of showing that the venue selected is proper." *Robey v. JPMorgan Chase Bank, N.A.*, 343 F. Supp. 3d 1304, 1313 (S.D. Fla. 2018). "[T]he facts as alleged in the complaint are taken as true to the extent they are uncontroverted by defendants' affidavits." *Home Ins. Co. v. Thomas Indus., Inc.*, 896 F.2d 1352, 1355 (11th Cir. 1990) (internal quotation marks omitted). When the parties' affidavits do conflict, however, "the court is inclined to give greater weight to the plaintiff's version of the jurisdictional facts and to construe such facts in the light most favorable to the plaintiff." *Id.*

## 2. Jurisdiction is Proper in the Middle District of Florida.

### a. The Defendant Resides in the Middle District Under §1391(b)(1).

Where, as here, a state has more than one judicial district (Florida has three) and a defendant corporation is subject to personal jurisdiction in that state (which this Defendant clearly is), "**such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State**." 28 U.S.C. § 1391(d) (emphasis added).

Under Florida's long arm-statute, a defendant can be subject to either specific personal jurisdiction (jurisdiction in suits arising out of or relating to the defendant's contacts with Florida) or general personal jurisdiction (jurisdiction over any claims against a defendant, despite a lack of connection to Florida, if the defendant engages in "substantial and not isolated activity" in Florida). F.S. §§ 48.193(1)(a), (2). Operationally, the Court employs "a two-step inquiry" determining "whether the exercise of personal jurisdiction over a non-resident defendant is proper." *Thomas*, 504 F. App'x at 847. First, the Court determines

"whether the exercise of personal jurisdiction would be appropriate under the forum state's long-arm statute." *Id.* Then, if that analysis yields an affirmative answer, the Court examines whether the exercise of jurisdiction satisfies the Due Process Clause of the Fourteenth Amendment. *Id.* "If the forum's long-arm statute provides jurisdiction over one claim, the district court has personal jurisdiction over the entire case so long as the claims arose from the same jurisdiction-generating event." *Id.*

### i. Specific Jurisdiction in the Middle District is Present.

Because the Defendant maintains its finance office in Collier County (which is the office that employed Ms. Rucker), has its chief financial officer in that Collier County office, has its bank accounts in Collier County and makes payments from those Collier County bank accounts, long-arm jurisdiction is established here based upon F.S. §48.193(1)(a)(1).

A defendant submits itself to jurisdiction in Florida by operating, conducting, engaging in, or carrying on a business venture in the state. F.S. §48.193(1)(a)(1). To establish a defendant is carrying on business for purposes of the long-arm statute, the activities of the defendant must be considered collectively and show a general course of business activity in the state for pecuniary benefit. *Future Technology Today, Inc. v. OSF Healthcare Systems*, 218 F.3d 1247, 1249 (11th Cir. 2000). The Florida long arm statute provides, *inter alia*, that any person who operates, conducts, engages in, or carries on a business or business venture or has an office or agency in Florida is subject to the jurisdiction of the courts of this state. *Poston v. Am. President Lines, Ltd.*, 452 F. Supp. 568, 571 (S.D. Fla. 1978). Further, no presence of corporate officers, lease, or agent in the state of Florida is

necessary to meet the requirements of this section. *Citizens State Bank v. Winters Gov't Securities Corp.*, 361 So. 2d 760, 763 (Fla. Dist. Ct. App. 1978); *see also Dinsmore v. Martin Blumenthal Ass., Inc.*, 314 So.2d 561 (Fla. 1975).

Nevertheless, this Defendant has *both* a corporate office (where Ms. Rucker was employed) and corporate officer in Collier County, meaning that Collier County is where the Defendant transacts business. This is also the corporate office from which all of the Defendant's financial affairs were (and are) handled. The Defendant even has its registered agent located in Collier County at its corporate office, meaning that it expects to be served with process in Collier County. And all of its bank accounts are based in Collier County – and thus its financial assets – which is important because both parties are pointing the finger at the other for engaging in financial shenanigans and improprieties. Finally, records of dozens of building permits issued by Collier County show the Defendant is – and has been – actively engaged in operational business in Collier County. (*See* Ex. 1, Decl. of Rucker, including Collier County Building Permits). The Defendant is plainly engaged in a general course of business activity in Collier County for pecuniary benefit, which also conveys jurisdiction in this District under F.S. §48.193(2).

Under F.S. §48.193(1)(a)(2), jurisdiction is proper where a tortious act was committed within the State. Applying the same here, jurisdiction would certainly be proper in this Court based upon the Defendant's purported counterclaim against Ms. Rucker – who is domiciled in Collier County – for financial harms it (vaguely) alleges she committed by "embezzling" money from the Defendant's Collier County bank accounts. That plainly

meets the definition of an allegedly tortious act committed within this District, and would also suffice for jurisdiction under 28 U.S.C. §1391(b)(1) and (2).

### ii. Due Process is Satisfied.

To complete the two-prong analysis, the Court must determine whether the Defendant has additional contacts with Florida to satisfy the Fourteenth Amendment's due process requirements. To satisfy the second jurisdictional prong, a defendant's contacts:

> (1) must be related to the plaintiff's cause of action or have given rise to it, (2) must involve some act by which the defendant has purposefully availed itself of the privilege of conducting activities within the forum, and (3) the defendant's contacts with the forum must be such that the defendant should reasonably anticipate being haled into court there.

*Moro Aircraft Leasing, Inc. v. International Aviation Marketing, Inc.*, 206 So. 3d 814, 817 (Dist. Ct. App. Fla 2016).

First, a sufficient amount of Defendant's contacts with Collier County are directly related to its financial affairs and general operations so as to fall within the bounds of the due process clause. Beyond the allegations of the Complaint, Ms. Rucker meets this threshold by presenting evidence showing that the Defendant operates a Collier County office, has its Chief Financial Officer work out of that Collier County office, has all of its bank accounts at banks within Collier County and conducts its petroleum-related construction business in Collier County.

The next inquiry is whether the Defendant has purposefully availed itself of the privilege of conducting activities in Collier County (and thus within the Middle District). *Vermeulen v. Renault, U.S.A., Inc.*, 985 F.2d 1534, 1546 (11th Cir. 1993). The "purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely

as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)(internal quotations and citations omitted). Thus, purposeful availment can be found where "business activities reach out beyond one state and create continuing relationships and obligations with citizens of another state[.]" *Travelers Health Ass'n v. Com. of Va. ex rel. State Corp. Comm'n*, 339 U.S. 643, 647 (1950). One such example of purposeful availment is a "direct solicitation by a foreign defendant of [a] business . . . where . . . a continuing relationship . . . [is] contemplated." *Sea Lift, Inc. v. Refinadora Costarricense de Petroleo, S.A.*, 792 F.2d 989, 994 (11th Cir. 1986).

To this end, where a foreign company purposefully directs its activities toward a forum state (or in this case, the Middle District), a finding of personal jurisdiction is appropriate for a number of reasons. Notably,

> . . . . where individuals purposefully derive benefit from their interstate activities, it may well be unfair to allow them to escape having to account in other States for consequences that arise proximately from such activities; the Due Process Clause may not readily be wielded as a territorial shield to avoid interstate obligations that have been voluntarily assumed. And because modern transportation and communications have made it much less burdensome for a party sued to defend himself in a State where he engages in economic activity, it usually will not be unfair to subject him to the burdens of litigating in another forum for disputes relating to such activity.

*Burger King Corp.*, 471 U.S. at 473. (internal citations and quotations omitted).

The facts of this dispute plainly support a finding that the Defendant purposefully availed itself of the privilege of conducting business in Collier County. First, the Defendant *regularly* conducts business in Collier County, as evidenced by the construction permits it has obtained. The Defendant established an office in Collier County, which office houses

its Chief Financial Officer and all of the financial affairs of the Defendant. Ms. Rucker worked directly under the Chief Financial Officer and her domicile is also in Collier County. It has further been shown that all of the Defendant's bank accounts are located in Collier County, as are Ms. Rucker's bank accounts. These facts show the Defendant could reasonably expect to be haled into court in Florida. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980) (internal citations and quotations omitted). Given the nature of the Defendant's business ties in Collier County, including establishing an officer there, little doubt remains that it has purposefully availed itself of the privilege of conducting activities in Collier County, and thus the Middle District of Florida. As such, it is unreasonable for the Defendant to claim that it did not expect to be subject to litigation here.

To the extent the Defendant argues that exercising personal jurisdiction over it would offend traditional notions of fair play and substantial justice, its position is misplaced. In determining the fairness and reasonableness of a forum's exercise of jurisdiction, a court must consider, among other things, "the burden on the defendant, the forum's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief and the judicial system's interest in resolving the dispute." *Licciardello v. Lovelady*, 544 F.3d 1280, 1288 (11th Cir. 2008).

However, the Defendant's ties to Collier County are significant, and their depth further indicates that the Defendant would not be overtly prejudiced by litigating here in the Middle District. Finally, Broward County and Collier County are neighbors and it is not unduly burdensome for any witnesses the Defendant may have in Broward County to travel

to the Middle District, just like it is not unduly burdensome for the Defendant to operate its financial office in Collier County. This is not a situation where the Defendant is headquartered thousands of miles away and is being haled into a forum where its contacts are minimal. Moreover, modern technology (including Zoom and the like) relieves, and in some cases obviates, the burdens of transportation and communication that the Defendant would incur by litigating in the Middle District. Thus, the exercise of personal jurisdiction in this matter would not so burden the Defendant as to offend traditional notions of fair play and substantial justice.

Lastly, obtaining a fair and efficient resolution of the issues before the Court are promoted by litigating the claims in the Middle District. This interest is served because the Middle District is where *all* of the wrongdoing occurred (as alleged by both parties against each other), and where several witnesses reside (including the Defendant's former Chief Financial Officer and many employees that work at the Defendant's banks in Collier County). *See Morris v. SSE, Inc.*, 843 F.2d 489, 495 (11th Cir. 1988). And, while witnesses and evidence for the Defendant may exist in the Southern District, nothing suggests that the Southern District is in a better position to adjudicate this matter.

In sum, the allegations in the Complaint and evidence adduced on Defendant's Motion support the exercise of Florida's long-arm statute over the Defendant, such that a finding of personal jurisdiction would not offend the Defendant's due process interests. The following acts convey personal jurisdiction under the long-arm statute: (a) operating, conducting, engaging in, or carrying on a business or business venture in Collier County, including having an office in Collier County, and (b) committing a tortious act in Collier

County, including the parties' competing allegations of financial wrongdoing which would have been committed in Collier County. *See Debacco v. Debacco*, No. 2:12-CV-256-FtM-UASPC, 2012 U.S. Dist. LEXIS 118657, at *10-11 (M.D. Fla. Aug. 6, 2012).

### b. A Substantial Part of the Events Giving Rise to This Case Occurred in the Middle District of Florida.

Much like the argument immediately preceding this section, there are sufficient underlying events associated with this District to establish venue pursuant to 28 U.S.C. § 1391(b)(2). The question for the Court is whether "a substantial part of the events or omissions giving rise to the claim occurred" in the Middle District, and "of the places where the events have taken place, only those locations hosting a 'substantial part' of the events are to be considered." *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371 (11th Cir. 2003). "[T]he appropriate test for determining where a 'claim arose' for purposes of venue is the 'weight of the contacts' test [and] venue should be established 'in the district where the contacts weigh most heavily.'" *Home Ins. Co. v. Thomas Indus., Inc.*, 896 F.2d 1352, 1355 (11th Cir. 1990) (quoting *DeLong Equip. Co. v. Washington Mills Abrasive Co.*, 840 F.2d 843, 855 (11th Cir. 1988)).

Here, Ms. Rucker never worked for the Defendant in Broward County and has never lived in that county. All of her work emanated from the Defendant's Collier County office that operated all of the Defendant's financial affairs. And nearly the entirety of the issues in this case revolve around allegations of financial wrongdoing, which occurred in Collier County where the Defendant's assets are located and where it holds all of its bank accounts. Similarly, any allegations by the Defendant that Ms. Rucker engaged in financial wrongs

likewise arose only (or at least substantially) in Collier County. For both of the parties' claims, the key witnesses will be Ms. Rucker (who is domiciled in Collier County), the Defendant's Chief Financial Officer (who is also domiciled in Collier County), and representatives of the Defendant's financial institutions (which are *all* located in Collier County). Nothing substantial at all happened in Broward County. The contacts here simply weigh more heavily in favor of jurisdiction in Collier County, which is within the Middle District – Fort Myers Division.

### 3. Venue is Proper in the Middle District.

"Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness. A motion to transfer under § 1404(a) thus calls on the district court to weigh in the balance a number of case-specific factors." *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)(citation and internal quotation marks omitted). Those factors include:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005). "Unlike personal jurisdiction issues, which primarily concern the extent of a court's power over the parties and the fairness of requiring a party to defend itself in a foreign forum, venue primarily addresses the convenience of the forum." *Delong Equip. Co. v. Washington Mills Abrasive*

*Co.*, 840 F.2d 843, 857 (11th Cir. 1988). "The plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996) (internal quotation marks omitted).

### a. Convenience of the Witnesses.

A significant factor under § 1404(a) is the convenience of witnesses, "and the moving party must make a specific showing of inconvenience to witnesses to succeed in requesting a venue transfer." *Laica-Bhoge v. Eli Lilly & Co.*, No. 6:14-CV-1286, 2015 U.S. Dist. LEXIS 82712, 2015 WL 3919515, at *5 (M.D. Fla. June 25, 2015) (*quoting Elec. Transaction Network v. Katz*, 734 F. Supp. 492, 501-02 (N.D. Ga. 1989) (internal quotations omitted)). Notably, the Defendant has not submitted a comprehensive list of proposed witnesses, instead only vaguely referencing a supposed need for some unknown number of Broward-based employees to testify. But "a general allegation that witnesses will be necessary, without identifying those necessary witnesses and indicating what their testimony at trial will be," does not merit transfer. *Laica-Bhoge*, 2015 U.S. Dist. LEXIS 82712, 2015 WL 3919515 at *5 (*quoting J.I. Kislak Mortg. Corp. v. Connecticut Bank and Trust Co.*, 604 F. Supp. 346, 347 (S.D. Fla. 1985)). This is so because, in analyzing the convenience to non-party witnesses, the Court must determine whether a witness is "key." *See Mason v. Smithkline Beecham Clinical Labs.*, 146 F. Supp. 2d 1355, 1361-62 (S.D. Fla. 2001). A witness is key if his or her testimony is likely to be significant enough that the witness' presence would be necessary at trial. *See id.* Additionally, in the case of employee witnesses, "their convenience is entitled to less weight because [the parties] will

be able to compel their testimony at trial." *Trinity Christian Ctr. of Santa Ana, Inc. v. New Frontier Media, Inc.*, 761 F. Supp. 2d 1322, 1327 (M.D. Fla. 2010).[1]

Here, the Plaintiff will obviously be a witness and she is domiciled in Collier County. Another key witness will be the Defendant's (now former) Chief Financial Officer, who is also domiciled in Collier County. Additional non-party witnesses will consist of employees of the Defendant's banks in Collier County, which witnesses also are located in Collier County. The remaining witnesses would appear to be corporate representatives of the Defendant who are based in Broward County. A short trip across Alligator Alley is not an undue hardship and, regardless, they're convenience matters less since their testimony can be compelled. Accordingly, the Court should ignore the convenience of witnesses who are its employees. *See Delorenzo v. HP Enter. Servs., LLC*, 79 F. Supp. 3d 1277, 1283 (M.D. Fla. 2015). Because more non-party witnesses are located in Collier County (which includes the Defendant's apparently newly retired Chief Financial Officer), this factor militates strongly against a transfer.

### b. Location of Relevant Documents and the Relative Ease of Access to Sources of Proof.

"This factor examines the location of sources of documentary proof and other tangible materials, and the ease with which the parties can transport them to trial." *Trinity Christian*, 761 F. Supp. 2d 1322, 1327. However, this factor is usually insignificant, as "[m]odern

---

[1]      *See also Nat'l Tr. Ins. Co. v. Pennsylvania Nat'l Mut. Cas. Ins. Co.*, 223 F. Supp. 3d 1236, 1243 (M.D. Fla. 2016); *PainTEQ, LLC v. Omnia Med., LLC*, No. 8:20-cv-2805-VMC-AAS, 2021 U.S. Dist. LEXIS 60715, at *20 (M.D. Fla. Mar. 30, 2021); *SMA Portfolio Owner, LLC v. CPX Tampa Gateway OPAG, LLC*, No. 8:11-cv-1925-SDM-EAJ, 2014 U.S. Dist. LEXIS 132626, 2014 WL 4791997, at *6 (M.D. Fla. Sept. 22, 2014)("The significance of this factor is diminished when the witnesses, although in another district, are employees of a party and their presence at trial can be obtained by that party.")

technology largely neutralizes traditional obstacles to providing relevant documents and access to proof[.]" *Watson v. Cmty. Educ. Ctrs., Inc.*, No. 2:10-cv-778-T-36SPC, 2011 U.S. Dist. LEXIS 89520, 2011 WL 3516150, at *5 (M.D. Fla. Aug. 11, 2011). Nowhere does the Defendant address what *physical* evidence it would need that a transfer to the Southern District would solve. This factor does not favor a transfer.

### c. Convenience of the Parties.

Regarding this factor, "[t]he logical starting point for analyzing the convenience of the parties is . . . their residences[.]" *Delorenzo*, 79 F. Supp. 3d at 1283 (citation omitted). Ms. Rucker is domiciled in Collier County, and the Defendant is a resident of Collier County, as discussed in detail above. The Defendant claims to be Broward-based, but it is without reasonable dispute that it maintains an office in Collier County, where its registered agent is also located. Against these facts, it is an uphill battle to argue litigating this matter in the Middle District – Fort Myers Division is so terribly inconvenient that a transfer is warranted. It isn't. Clearly, the Defendant would incur no more inconvenience in trying this case in Fort Myers than it does by maintaining a large part of its business operation in Collier County. Furthermore, because a plaintiff's choice of forum is given considerable deference, it should be disregarded *only* where that choice is "clearly outweighed by considerations of convenience, cost, judicial economy, and expeditious discovery and trial process." This record does *not* support a "clearly outweighed" standard. *See Ricoh Corp.*, 870 F.2d at 573 ("[F]ederal courts traditionally have accorded a plaintiff's choice of forum considerable deference."); *Robinson*, 74 F.3d at 260 ("The plaintiff's choice of forum

should not be disturbed unless it is clearly outweighed by other considerations."). Therefore, this factor weighs against transfer.

### d. Locus of Operative Facts.

"'[I]f there are significant connections between a particular venue and the events that gave rise to a suit, this factor should be weighed in that venue's favor.'" *Brandywine Commc'ns Techs., LLC v. Apple, Inc.*, 2012 U.S. Dist. LEXIS 198355, 2012 WL 12904174, at *7 (M.D. Fla. Aug. 23, 2012) (*quoting In re Hoffman—La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009)). As explained above, the operative facts in this case are alleged financial wrongs that occurred out of the Defendant's Collier County office and at its Collier County banks. Accordingly, the operative facts in this case occurred in Collier County, not Broward. Accordingly, this factor weighs against a transfer.

### e. Availability of Process to Compel the Attendance of Unwilling Witnesses.

Under Federal Rule of Civil Procedure 45, which governs the issuance of subpoenas in civil cases, a subpoena may command attendance "within 100 miles of where the person resides, is employed, or regularly transacts business in person" or "within the state where the person resides, is employed, or regularly transacts business in person, if the person . . . is a party or a party's officer . . . or . . . is commanded to attend trial and would not incur substantial expense." Fed. R. Civ. P. 45(c)(1). "This factor is relevant only if a party demonstrates, as a threshold matter, that a particular witness would otherwise be unwilling to testify at trial." *Am. Navigation Sys., Inc. v. Samsung Elecs. Co.*, No. 8:14-cv-1131-T-36MAP, 2014 U.S. Dist. LEXIS 198037, 2014 WL 12701068, at *5 (M.D. Fla. Dec. 1,

2014). The Defendant makes no such showing, and thus this factor does not favor a transfer. *Id.*, at \*5.

### f. Relative Means of the Parties.

With regard to this factor, "the Court must consider the relative means of the parties in determining whether transfer furthers the interest of justice." *Poertner v. Gillette Co.*, No. 6:12-cv-803-Orl-31DAB, 2012 U.S. Dist. LEXIS 196787, 2012 WL 12898875, at \*3 (M.D. Fla. July 9, 2012). Here, the Defendant is a corporate entity of considerable means, while Ms. Rucker is an individual without any connection to the Southern District. Therefore, this factor weighs against transfer. *See Ritter v. Metro. Cas. Ins. Co.*, No. 4:19-cv-10105-KMM, 2019 U.S. Dist. LEXIS 227839, 2019 WL 8014511, at \*5 (S.D. Fla. Dec. 3, 2019) ("There is a disparity of means between the Parties. Defendant is a corporation . . . and Plaintiff is an individual. Courts have denied a motion to transfer where an individual is suing a corporation, as is the case here." (citation omitted)).

### g. The Middle District's Familiarity with the Governing Law.

This case presents questions of federal and Florida law. This Court is obviously located in Florida, as is the Southern District. This factor weighs against a transfer for the obvious reason that this Court is equally capable of determining all legal questions presented in this case. This factor does not favor a transfer.

### h. Weight Accorded a Plaintiff's Choice of Forum.

A plaintiff's choice of forum "must be given considerable weight." *Anthony Sterling, M.D. v. Provident Life & Accident Ins. Co.*, 519 F. Supp. 2d 1195, 1207 (M.D. Fla. 2007). Here, the Middle District is Ms. Rucker's home forum, and is also the federal court that

covers Collier County, which the Defendant is a resident of. Therefore, this factor weighs heavily against transfer.

### i. Trial Efficiency and the Interests of Justice.

Lastly, the Court considers "the forum in which judicial resources could most efficiently be utilized and [the] place in which trial would be most easy, expeditious, and inexpensive." *Garay v. BRK Electronics.*, 755 F. Supp. 1010, 1013 (M.D. Fla. 1991) (citation omitted). "To satisfy its burden, [the defendant] must show that any purported gains in judicial efficiency will clearly outweigh [the plaintiff's] choice." *Intell. Ventures I, LLC v. Motorola Mobility, LLC*, No. 13-61358-CIV, 2014 U.S. Dist. LEXIS 4390, 2014 WL 129279, at *3 (S.D. Fla. Jan. 14, 2014) (emphasis omitted) (citation omitted). No such showing has been made as the Defendant makes no real argument that this litigation would be more efficiently handled by the Southern District than by the Middle District.

## CONCLUSION

The Defendant maintains an office in Collier County, office Staff in Collier County, and all of its banking in Collier County, as it the Defendant's registered agent. The Collier County office transacts regular business there. Moreover, the Defendant completes considerable business projects in Collier County too. And Ms. Rucker worked for the Defendant's Collier County office, and is domiciled in Collier County. In sum, jurisdiction in the Middle District is proper under 29 U.S.C. §1391, as is venue under 28 U.S.C. §1404.

WHEREFORE the Plaintiff respectfully requests the Court deny the Defendant's Motion and award all relief deemed just and equitable.

Respectfully submitted,

Dated: May 10, 2021      **s/ Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Trial Counsel for Plaintiff
Yormak Employment & Disability Law
9990 Coconut Road
Bonita Springs, Florida 34135
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: None.

**s/ Benjamin H. Yormak**
Benjamin H. Yormak