UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AMBER RUCKER,

    Plaintiff/Counter-Defendant,

v.                                                      Case No: 2:21-cv-207-SPC-MRM

GREAT DANE PETROLEUM
CONTRACTORS, INC.,

    Defendant/Counter-Plaintiff.
                                  /

**ORDER**[1]

Plaintiff filed for Chapter 13 bankruptcy, identifying Defendant as a creditor. (Doc. 29, *In re Rucker*, No. 2:21-bk-00940-FMD (Bankr. M.D. Fla.). Given this, the Court directed the parties to state their positions on what impact (if any) the automatic stay has on this case. (Doc. 30). Plaintiff's position is that her claims should proceed, but the automatic stay applies to Defendant's counterclaims against her. (Doc. 31). Defendant's position is that the claims and counterclaims should proceed. (Doc. 33). Plaintiff has the better argument.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

A bankruptcy filing typically operates as an automatic stay of all proceedings against the debtor. 11 U.S.C. § 362(a)(1). When the debtor is the plaintiff, the automatic stay usually does not apply to the plaintiff's claims. *Crosby v. Monroe Cnty.*, 394 F.3d 1328, 1331 (11th Cir. 2004) ("The automatic stay provision of the Bankruptcy Code, 11 U.S.C. § 362, does not extend to lawsuits initiated by the debtor."); *Slater v. U.S. Steel Corp.*, 871 F.3d 1174, 1180 (11th Cir. 2017) (en banc). The stay, however, would usually apply to Defendant's counterclaims—as those are against a debtor. *Koolik v. Markowitz*, 40 F.3d 567, 568 (2d Cir. 1994) ("Thus, an answer that asserts a counterclaim against a plaintiff who becomes a bankruptcy debtor is an 'action or proceeding against the debtor' within the meaning of § 362(a)(1), notwithstanding the fact that the plaintiff initiated the lawsuit."); *Parker v. Bain*, 68 F.3d 1131, 1137 (9th Cir. 1995); *Vasile v. Dean Witter Reynolds*, 20 F. Supp. 2d 465, 499 (E.D.N.Y. 1998).

Because Plaintiff has filed for bankruptcy, the counterclaims asserted against her were automatically stayed under § 362(a). As a creditor, Defendant may seek relief from the automatic stay in the bankruptcy court. *See* 11 U.S.C. § 362(d). The automatic stay does not apply to Plaintiff's claims, which will proceed.

Accordingly, it is now

**ORDERED:**

1. Defendant's counterclaims (Doc. 16) are **STAYED**. Plaintiff must notify the Court, in writing, within **seven (7) days** of the bankruptcy proceedings concluding. This case will proceed on the amended complaint.

2. Plaintiff must provide the Court with a status update on the bankruptcy proceedings by **November 15, 2021**, and every ninety days thereafter.

**DONE** and **ORDERED** in Fort Myers, Florida on August 16, 2021.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record