UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AMBER RUCKER,

    Plaintiff/Counter-defendant,

v.                                                                Case No.:   2:21-cv-207-SPC-KCD

GREAT DANE PETROLEUM
CONTRACTORS, INC.,

    Defendant/Counter-plaintiff.
_____/

### ORDER[1]

Before the Court is Defendant's Motion to Quash or Modify Nonparty Subpoenas. (Doc. 44.) Plaintiff responded. (Doc. 45.) The Court denies the motion.

This is an employment case. Plaintiff Amber Rucker alleges that her former employer, Great Dane Petroleum Contractors, Inc., retaliated against her after she objected to its financial wrongs. Great Dane points the finger at Rucker, alleging in a counterclaim she embezzled money from the company. The motion here concerns written discovery Rucker served on Great Dane nearly a year ago about communications between Great Dane and five

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

nonparties: 7-Eleven, Inc. (a company with which Great Dane had business contracts); PNC Bank (Great Dane's bank); and ADP, Paylocity, and TriNet (Great Dane's former and current payroll companies). Unsatisfied with Great Dane's responses, Rucker told Great Dane of her intent to serve subpoenas to the five nonparties. Great Dane now moves to quash the subpoenas or for the entry of a protective order. (Doc. 44.)

In four situations a court can quash or modify a subpoena, but Great Dane argues only one applies here: that the subpoenas "require[] disclosure of privileged or other protected matter." Fed. R. Civ. P. 45(d)(3)(A)(iii).[2] Besides Rule 45, Great Dane argues that the subpoenas are temporally overbroad and unduly burdensome and request irrelevant information unrelated to Rucker's claims under Rule 26. In the alternative to protection under Rule 26, Great Dane wants a protective order under Florida's financial privilege "because good cause exists to protect Great Dane's confidential information." (Doc. 44 at 10.)

Before opposing the merits, Rucker says there are two hurdles Great Dane cannot overcome: mootness and standing. Both fail.

Rucker says the motion is moot because three of the five nonparties (ADP, TriNet, and Paylocity) have provided documents and complied with the subpoena. Not so. The Court has the power to provide Great Dane with a

---

[2] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

partial remedy by ordering Rucker to destroy or return all copies produced by the nonparties. See *S.E.C. v. Investment Technology, Inc.*, 200 F. App'x 858, 859 (11th Cir. 2006).

As for standing, "[a] party has standing to challenge a non-party subpoena if the party alleges a 'personal right or privilege' with respect to the subpoena or if a subpoena seeks irrelevant information." *McCoy v. GEICO Gen. Ins.*, No. 6:19-cv-353-Orl-WWB-DCI, 2019 WL 5391104, *2 (M.D. Fla. Aug. 14, 2019). A party also has standing to challenge the proportionality of the information sought. *JWD Auto., Inc. v. DJM Advisory Grp. LLC*, 317 F.R.D. 587, 589 (M.D. Fla. Nov. 2, 2016). But a party lacks standing to object to a non-party subpoena because it is burdensome, oppressive, or overly broad. *McCoy*, 2019 WL 5391104, at *2. Great Dane asserts some of the grounds on which to challenge a subpoena. Thus, Great Dane has standing here.

Rucker's third argument wins the day. That is: Great Dane fails to explain why the documents responsive to the requests they object to are confidential, let alone privileged. Great Dane asserts that the Court may quash a subpoena that requires a party to disclose a trade secret or other confidential research, development, or commercial information (Doc. 44 at 10-11) and then lists the document requests appended to the subpoenas. The requests include contracts, emails, and all documents signed by a Great Dane representative (Doc. 44 at 11-13.) But Great Dane never explains what within those

3

documents could be confidential or a trade secret. A blanket assertion of confidentiality for all documents tied to Great Dane is insufficient to trigger protection under Federal or Florida law. *See, e.g.*, *United States v. McQuillan, No. 93-134-MISC-T-23A*, 1994 WL 692851, at *2 (M.D. Fla. Dec. 12, 1994) ("[T]he existence of privilege cannot be determined from a blanket assertion of privilege over a large amount of material[.]"). Situations like this are often handled by attorneys without court intervention, resulting in a confidentiality agreement between the parties that does not need the Court's blessing, but does get its enforcement.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Quash or Modify Nonparty Subpoenas (Doc. 44) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida, on July 14, 2022.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record